A. L. ERLANGER CO., INC. v. UNITED STATES (No. 5143)*

United States Court of Customs and Patent Appeals, January 23, 1964

*John D. Rode*, for appellant.

*John W. Douglas*, Assistant Attorney General (*Alan S. Rosenthal* and *Stephen B. Swartz*, trial attorneys, of counsel) for the United States.

[Oral argument November 8, 1963, by Mr. Rode and Mr. Swartz]

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Jr., Associate Judges

ALMOND, Judge, delivered the opinion of the court:

A. L. Erlanger Co., Inc., ▉ appeals from a judgment of the United States Customs Court, Second Division,[1] overruling its protest against the assessment of duty by the Collector of Customs on an importation of perlon staple fiber at the rate of 15 per centum ad valorem under the provisions of Paragraph 1302, Tariff Act of 1930 as

*C.A.D. 836.

[1] C.D. 2392.

Modified by the Torquay Protocol to the General Agreement on Tariffs and Trade (T.D. 52739), as staple fiber of "other synthetic textile."

Appellant claimed that the merchandise was properly dutiable at 10 per centum ad valorem under the provisions of Paragraph 1558 of said Act as modified by the Protocol cited above and as made effective by T.D. 52827 as a nonenumerated article.

The statutes involved read in pertinent part:

*Paragraph 1201:*

Silk partially manufactured, including total or partial degumming other than in the reeling process, from raw silk, waste silk, or cocoons, and silk noils exceeding two inches in length; all the foregoing, if not twisted or spun, 35 per centum ad valorem.

*Paragraph 1302, as modified:*

Filaments of rayon or other synthetic textile, not over 30 inches long, other than waste, whether known as cut fiber, staple fiber, or by any other name_____15% ad val.

*Paragraph 1313:*

Whenever used in this Act the terms "rayon" and "other synthetic textile" mean the product made by any artificial process from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, which product is solidified into filaments, fibers, bands, strips, or sheets, whether such products are known as rayon, staple fiber, visca, or cellophane, or as artificial, imitation, or synthetic silk, wool, horsehair, or straw, or by any other name whatsoever.

*Paragraph 1558, as modified:*

Articles manufactured, in whole or in part, not specially provided for * * *_____10% ad val.

*Paragraph 1559:*

That each and every imported article, not enumerated in this Act, which is similar, either in material, quality, texture, or the use to which it may be applied to any article enumerated in this Act, as chargeable with duty, shall be subject to the same rate of duty which is levied on the enumerated article which it most resembles in any of the particulars before mentioned: * * *.

In the interim between the collector's decision and the trial of this case in the Customs Court, this court rendered its decision in *United States* v. *Steinberg Bros.*, 47 CCPA 47, C.A.D. 727. Recognizing that this decision precluded classification of the merchandise under paragraph 1302, the appellee, defendant below, abandoned the collector's classification and contended for classification under paragraph 1201, supra, by similitude by virtue of paragraph 1559, on the ground that the merchandise was stipulated to be next most nearly similar to the articles described in paragraph 1201.

The case was submitted for decision to the Customs Court on a stipulation of facts wherein it was agreed as follows:

1. That the merchandise the subject of the above entitled protest assessed with duty at the rate of 15% ad valorem under Paragraph 1302, Tariff Act of 1930 as modified, by virtue of Paragraph 1559 by similitude to rayon staple fiber, consists of perlon (nylon) staple fiber, not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing.

2. That the enumerated article chargeable with duty which said merchandise most resembles in material, quality, texture or the use to which it may be applied is filaments of rayon, not exceeding thirty inches in length, known as staple fiber, as provided for in Paragraph 1302, Tariff Act of 1930 as modified at the rate of 15% ad valorem.

3. That the enumerated article chargeable with duty which said merchandise next more nearly resembles in the particulars above mentioned is silk partially manufactured, not twisted or spun, as provided for in Paragraph 1201 of the Act aforesaid at the rate of 35 per centum ad valorem.

The parties are in agreement as to the issue determined below and now before us for resolution. The issue as stated by appellee is:

Whether imported merchandise which is excluded by law from classification under the tariff provision relating to articles which, in fact, it most resembles, is classifiable, by virtue of the similitude provision of the statute, under the tariff provision relating to articles which it next most nearly resembles.

The court below was confronted with no dispute of fact, as the factual basis upon which the issue was predicated emanates from the stipulation.

The essence of the holding of the Customs Court is stated in that court's opinion as follows:

It is our opinion that the similitude provisions may be applied only to such merchandise as the law permits. If an article most resembles an enumerated article but, by virtue of an exclusionary provision, the similarity clause could not be utilized, and if the imported article next more nearly resembles another enumerated article, the former article may not be considered, but the latter may. Accordingly, the facts agreed upon in paragraph 3 of the stipulation, that it next most nearly resembles silk, partially manufactured, not twisted or spun, as provided for in paragraph 1201, *supra*, in effect becomes the article it most resembles for tariff purposes.

The "case law" to which the Customs Court referred and applied as the basis of its decision was the opinion of this court in *United States* v. *Steinberg Bros.*, supra, wherein this court said:

Finding, as we do, that the imported merchandise is not a specifically enumerated article and directly classified in the Tariff Act of 1930 as modified, the next question to be considered is the application of the similitude provision of paragraph 1559. Upon initial consideration it would seem that this provision would support classification of the merchandise under paragarph 1309 as a material most resembling rayon. However, we agree with the position of the importer and

the Government that such a classification would be improper. ·No application of the similitude provision of the statute can put merchandise into a classification from which it is expressly excluded. *Maher-App & Company* v. *United States,* 44 CCPA 22, C.A.D. 630; *Cresca Co. (Inc.) et al.* v. *United States,* 17 CCPA 83, T.D. 43376.

On the basis of this court's holdings in *Steinberg Bros.,* supra, and in *J.M.P.R. Trading Corp. et al.* v. *United States,* 43 CCPA 1, C.A.D. 600, it appearing to the court below as a stipulated fact that the imported perlon staple fiber was not made from cellulose, a cellulose hydrate, a compound of cellulose, or a mixture containing any of the foregoing, direct classification under 1302 was clearly precluded by reason of the definition of synthetic textiles in paragraph 1313 and by reason of the exclusionary language in the definition of such textiles in paragraph 1313. Moreover, the subject merchandise could not be classified by similitude under paragraph 1302. There is no divergence of view between the parties here, and hence no issue posed as to the imported merchandise being not dutiable either directly or by similitude under paragraph 1302, as classified.

Appellant contends, however, that since Congress has provided by exclusionary language that the similitude clause shall not apply in the case of the article which most resembles the subject merchandise, "there is no room left for the operation of the similitude clause, and the merchandise is dutiable as a non-enumerated article" under paragraph 1558, supra, as articles manufactured, in whole or in part, not specially provided for.

The Customs Court rejected appellant's contention and sustained appellee's position that the merchandise should have been classified under paragraph 1201 by similitude by virtue of paragraph 1559 on the ground that the merchandise was stipulated to be next most nearly similar to the articles described in paragraph 1201.

The merchandise here under consideration is, in fact, a noncellulosic perlon (nylon) staple fiber which most resembles rayon staple fiber, the latter of which is embraced by paragraph 1302, supra. The impropriety of classification under paragraph 1302 has hereinabove been pointed out.

Also in point of fact, the merchandise next most nearly resembles partially manufactured silk, embraced by paragraph 1201, supra.

Concededly, since the exclusionary language of paragraph 1313 renders the merchandise nonclassifiable, either directly or by similitude, under paragraph 1302, this court must determine whether or not the similitude provisions of paragraph 1559 are bereft of vitality preclusive of its application to partially manufactured silk under paragraph 1201. If similitude is devoid of such efficacy, it then fol-

lows that the "not specially provided for" provision of paragraph 1558 applies.

In brief, did the Customs Court commit error in its construction of and application of the holding of this court in *Steinberg Bros.* to the issue presented below? We think not.

In *Steinberg Bros.* this court held unequivocally that the similitude provision of the statute could not put merchandise into a classification "from which it is expressly excluded." It, however, expressly rejected the importer's primary claim that the imported knit nylon fabric should have been classified as a non-enumerated manufactured article under paragraph 1558 and then proceeded to consider the issue of similitude of the merchandise to "knit fabric * * * wholly or in chief value of silk" under paragraph 1559 in conjunction with paragraph 1208. It sustained the holding of the court below that similitude under paragraph 1559 required that the non-enumerated merchandise must be similar to the enumerated article in either material, quality, texture or use but that it was not necessary to find the merchandise similar in all four categories. This court said:

The fact that the physical differences between the fabrics suggest potential uses to which one may be put to the exclusion of the other merely emphasizes the differences in material, quality and texture which obviously exist. While admitting all of these differences the terms of paragraph 1559 are satisfied if the use to which the two articles are adapted is similar, although in other particulars there may be no similarity between them. *Murphy* v. *Arnson*, 96 U.S. 131; *United States* v. *Dana et al.*, 99 Fed. 433.

The court found that the record before it showed that knit nylon fabric was superior to knit silk fabric for many uses but that this distinction did not make the use so dissimilar as to preclude classifying knit nylon fabric with "knit fabric * * * wholly or in chief value of silk" under the provisions of paragraph 1559. The court said:

* * * Substantial similarity of use is a sufficient basis for classification by similitude. *United States* v. *Eckstein*, 222 U.S. 130, 136; *Hartmann Truck Co.* v. *United States*, 27 CCPA 254, 259, C.A.D. 95.

In *J.M.P.R. Trading Corp. et al.* v. *United States*, supra, the court below was confronted with the question whether nylon fishing line could be classified under paragraph 1312 as manufactures of "rayon or other synthetic textile as defined in paragraph 1313." The court viewed the defining language of paragraph 1313 as excluding non-cellulosic textiles, holding that the nylon line could not be classified either directly under paragraph 1312 or by similitude in conjunction with paragraph 1559. It rejected, however, the importer's contention that the merchandise should have been held dutiable under paragraph 1558 as articles manufactured in whole or in part, "not specially provided for." The court found substantial similarity in use to silk

manufactures in Schedule 12 and classified the nylon line thereunder by virtue of paragraph 1559 (33 Cust. Ct. at pp. 233–38). This court disposed of the issues presented by holding that there was, in fact, the requisite similarity between the imported merchandise and silk manufactures classified in paragraph 1211 and that it was unnecessary to consider appellee's alternative suggestion that it should be dutiable under paragraph 1312, either directly or by similitude, as a synthetic textile.

It seems clear, therefore, as argued by appellee, that the following principles had been established by this court prior to the decision of the Customs Court, here under consideration:

\* \* \* (1) Nylon products are not dutiable under Schedule 13 because of the restrictive definition of "rayon or other synthetic textile" in paragraph 1313.[2] (2) Since not dutiable directly thereunder, this result cannot be circumvented by application of the similitude provision (paragraph 1559), despite the fact that nylon products are, in fact, most similar to products of "rayon or other synthetic textile." (3) Nylon merchandise can, however, be classified under Schedule 12, by similitude to silk articles, if the requisite similarity enunciated by paragraph 1559 can be established.

We are persuaded that the apposite decided cases support the proposition that ▄▄ where, as here, the article is virtually identical in fact to the articles classified in paragraph 1302 but excluded by statutory definition from that paragraph, the similitude provision is not thereby bereft of vitality. The article which the imported merchandise next most nearly resembles in fact, not precluded by restrictive statutory definition, becomes the article which the imported merchandise "most" resembles for purposes of the similitude provision of the statute.

We are aware of no case to the contrary, in which the issue has been presented by the factual situation, where the similitude provision has not been so construed.

We find inapposite the cases cited by appellant in support of its contention that where an exclusionary clause bars similitude, the merchandise is properly dutiable as a non-enumerated article. The issue raised here was not under consideration since no attempt was made in the cited cases, save one, to apply the similitude provision beyond the enumerated provision from which the merchandise was excluded by statutory definition.

We agree with appellee that appellant's cited cases "stand for nothing more than the threshold proposition never in dispute here;

---

[2] As written at the time of the importation in question. This paragraph has since been amended.

that exclusion of imported merchandise from a particular enumerated provision by restrictive definition precludes not only direct classification but also classification thereunder by similitude." These cases can hardly be asserted as authority for anything more with respect to the issue of classification by similitude.

In *United States* v. *Basket Importing Co.*, 13 Ct. Cust. App. 98, T.D. 40941, cited by appellant, this court found that the imported merchandise was excluded by definition from the enumerated provision relating to the article to which it was factually most similar and consequently classification thereunder, either directly or by similitude, was precluded. The court first sought to apply the similitude provision to another article but found the requisite similarity lacking. It was only then that the court employed the non-enumerated provision.

Finding, as we do, no reversible error in the decision of the Customs Court that the involved staple fiber is properly subject to classification under paragraph 1201, supra, by virtue of the similitude clause contained in paragraph 1559, supra, we accordingly *affirm* the judgment based thereon.